```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
_____

TISHNELL L. DAVIS,

                      Plaintiff,

     -vs-                                 **No. 1:14-CV-00111 (MAT)**
                                           **DECISION AND ORDER**

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.
_____

## I.    Introduction

Represented by counsel, Tishnell L. Davis ("plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for summary judgment.[1] The parties' motions were referred to Magistrate Judge Leslie G. Foschio for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised. For the reasons discussed below, the Court adopts

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Foschio for a Report and Recommendation, which was completed and filed on June 24, 2015. The case was referred to this Court by order dated March 6, 2017.

the R&R to the extent that it recommends remand for payment and calculation of benefits.

## II. Procedural History

The record reveals that in January 2009, plaintiff (d/o/b August 17, 1980) applied for DIB and SSI, alleging disability as of December 2007. After her applications were denied, plaintiff requested a hearing, which was held before administrative law judge William Weir on December 9, 2010. The ALJ issued an unfavorable decision on May 19, 2011. The Appeals Council granted review of that decision and remanded the case to the ALJ with instructions to further develop the record as well as to reconsider plaintiff's maximum residual functional capacity ("RFC") and credibility. Following remand, the ALJ held a supplemental hearing on August 10, 2012. On December 26, 2012, the ALJ issued a second unfavorable decision, which became the Commissioner's final decision on January 7, 2014, when the Appeals Council denied review.

## III. The Report and Recommendation

By R&R dated August 30, 2016, Magistrate Judge Foschio found that plaintiff's bipolar disorder met Listing 12.04, and that plaintiff was therefore presumptively disabled under the regulations. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. Accordingly, the R&R recommended that the case be remanded solely for the calculation and payment of benefits. Doc. 20. The R&R recommended several alternative findings should the Court reject

its initial recommendation. The Commissioner objected to the R&R, arguing that the ALJ's decision was supported by substantial evidence.

**IV.  Discussion**

When reviewing a magistrate judge's report and recommendation, a district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,]" id. "[W]here a party 'makes only conclusory or general objections, or simply reiterates the original arguments,' the Court reviews for clear error." Milano v. Astrue, 2008 WL 4410131,*1 (S.D.N.Y. Sept. 26, 2008), aff'd, 382 F. App'x 4 (2d Cir. 2010). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Kazel v. Colvin, 2016 WL 1435692, *1 (N.D.N.Y. Apr. 11, 2016) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; Batista v. Walker, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995)).

Here, the Commissioner's argument on her objections merely reiterates her argument on the original motion that the ALJ's decision was supported by substantial evidence. The Court thus reviews the R&R for clear error. After carefully reviewing the R&R

along with the record and the parties' submissions, the Court finds no clear error in the R&R. Based on a review of the record, the Court adopts the R&R and finds that substantial evidence in the record persuasively supports a finding of disability. Accordingly, the case is remanded solely for the payment and calculation of benefits.

**V.  Conclusion**

For the foregoing reasons, the Court overrules the Commissioner's objections (doc. 17) and adopts the R&R to the extent that it recommends remanding this case solely for the calculation and payment of benefits. The Commissioner's motion for judgment on the pleadings (doc. 14) is therefore denied and plaintiff's motion (doc. 9) is granted. This case is remanded to the Commissioner solely for the calculation and payment of benefits. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        **S/Michael A. Telesca**
                                        HON. MICHAEL A. TELESCA
                                        United States District Judge

Dated:    March 31, 2017
          Rochester, New York.